UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                v.                        DECISION AND ORDER
                                                                     08-CR-03A

SHAHAB KOUCHEKZADEH,
                          Defendant.

---

## BACKGROUND

On January 16, 2008, the defendant was charged in a one-count indictment with conspiracy to posses with the intent to distribute, and to distribute, a mixture and substance containing methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 21 U.S.C. § 846.

The government moved for pretrial detention of the defendant. On February 22, 2008, Magistrate Judge H. Kenneth Schroeder, Jr., held a detention hearing. Both parties proceeded by proffer at the hearing. Following the hearing, Magistrate Judge Schroeder ordered that the defendant be detained pending trial.

The defendant appealed Magistrate Judge Schroeder's detention order and the government filed a response to the defendant's appeal. On April 9, 2008, the Court heard oral argument on the appeal.

Pursuant to 18 U.S.C. § 3142, the Court finds that no condition or combination of

1

conditions will reasonably assure the defendant's appearance for further proceedings. Therefore, the Court denies the appeal and orders that the defendant continue to be detained pending trial.

## DISCUSSION

Under 18 U.S.C. § 3145(b), a person ordered detained by a magistrate judge may move the district court to revoke the detention order. The district judge must perform a *de novo* review of that determination. *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985) ("[A] district court should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate, but reach its own independent conclusion.").

Pursuant to 18 U.S.C. § 3142(e), a defendant will be detained pending trial if the Court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Where the indictment charges the person with a narcotics offense for which the potential term of imprisonment is ten or more years, there is a rebuttable presumption that no condition or combination of conditions will reasonable assure the person's appearance or the safety of the community*. See* 18 U.S.C. § 3142(e). The defendant may present evidence to rebut that presumption. *See United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). Where the defendant does so, the presumption does not drop out of

consideration completely; rather, it "continues to be weighed along with other factors to be considered when deciding whether to release a defendant." Id.

In determining whether the defendant has rebutted the statutory presumption, the Court must consider the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g); *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

The first factor requires that the Court consider the nature and circumstances of the offense charged, including whether the offense involves a narcotic drug. *See* 18 U.S.C. § 3142(g)(1). This offense involves a substantial

quantity of drugs.  The defendant faces a minimum of 5 years' imprisonment and up to 40 years' imprisonment.  The government proffered that the defendant's anticipated guidelines range is 28 and that his advisory guidelines range would be 78 to 97 months.  The lengthy advisory range and 5 year mandatory minimum sentence weigh against the defendant's motion for release.

As to the second factor, the evidence against the defendant appears to be strong.  The Court recognizes that the defendant is presumed innocent of the charges against him.  However, the government provided the Magistrate Judge and this Court with a detailed proffer of the evidence against the defendant,[1] which includes testimony of accomplices who dealt directly with the defendant and intercepted telephone conversations involving the defendant that corroborate the accomplice testimony.  Agents also observed some of the meetings between the defendant and his coconspirators where drugs were alleged to have been transferred.

The third factor requires the Court to consider the history and characteristics of the defendant.  The defendant is a Canadian citizen with no ties to the United States or this District.  From 1980 to 1989, he lived in Iran.  In 1989 he moved to Canada and in 1992 he became a Canadian citizen.  He has no

---

[1] Notwithstanding defendant's position that "an unsworn proffer can not be sufficient to sustain the government's burden," *see* Dkt. 9, at 3, it is well-settled law in this Circuit that the government may proceed by proffer at a bail hearing or a bail revocation hearing. *See United States v. Ferranti,* 66 F.3d 540, 542 (2d Cir. 1995) (citing *United States v. Salerno,* 481 U.S. 739, 743 (1987)).  Moreover, much of the evidence presented by the government in its proffer is also contained in the *sworn* criminal complaint against the defendant.

prior convictions in the United States but did admit that he is on probation for an obstruction of justice conviction as a result of providing an officer with a false name after being stopped for a traffic violation.

The defendant offers the following in support of his motion for release: (1) a promise to appear in court and to comply with the conditions of his release; (2) security in the form of a signature bond and the posting of Canadian property; (3) a waiver of extradition; and (4) his strong family ties.  None of these items, either individually or collectively, is sufficient to rebut the statutory presumption in this case.

As to the first item - the defendant's oral promise to return to the United States - is insufficient to rebut the presumption.  Presumably that promise is being sincerely made right now.  However, it is very possible that the defendant will change his mind and break the promise once given the opportunity to reflect on the strength of the government's case and the potential lengthy sentence that he faces if convicted.  The defendant's promise to return provides no guarantee that he will.

As to the second item - the defendant initially proffered that he can secure $20,000 bail in the form of a $5,000 signature bond by the defendant's parents and the posting of property located in Canada.  During oral argument, the defendant proffered that he is able to post a $20,000 bond.  While not insignificant, the Court finds that $20,000 bail is insufficient to rebut the statutory

5

presumption in this case, particularly since none of the other factors favor release. The Court also notes that both the government and probation officer oppose the defendant's offer to post $20,000 bail. The offer to post the Canadian property is of little value because the government is unable to seek forfeiture of Canadian property.

As to the third item - the waiver of extradition - it is the Court's understanding that a waiver of extradition is not valid until an extradition request is actually pending in Canada. Before that, it is subject to withdrawal. Since an extradition request will not be made until the defendant refuses to appear, his offer to waive extradition at this time is of little value. The Court also notes that the defendant lived in Iran for many years and presumably still has some ties to that area. Although the defendant proffered that he is a refugee from Iran and has no intention to return there, the possibility exists that he could flee to Iran, where no extradition treaty exists.

As to the final item - the defendant's strong family ties - this factor does not favor release where, as here, all of that family is located in a foreign country with no ties to the United States.

In sum, the Court is presented with a defendant who is a Canadian citizen with no ties to the United States and who is facing a potentially stiff prison sentence for an offense involving a large quantity of drugs. Weighing all the factors discussed above and the items proffered by the defendant in support of

his release, the Court concludes that the defendant has failed to rebut the presumption set forth in § 18 U.S.C § 3142(e) and that no condition or combination of conditions would reasonably assure the defendant's appearance as requested.  *See United States v. Vargas*, 804 F.2d 157 (1st Cir. 1986) (finding defendant's detention proper where defendant, a citizen of Chile with no family ties to the area, was  indicted for drug offenses triggering § 3142(e) presumption).

## **CONCLUSION**

For the reasons discussed above, defendant's motion for revocation of the detention order is denied.

SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  April    28    , 2008